**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUAN CARLOS CASILLAS CORTEZ, ) | |
| ) | |
| Plaintiff, ) | Case No. 09-CV-653 |
| ) | |
| v. ) | Hon. Judge Robert W. Gettleman |
| ) | |
| CITY OF CHICAGO, et al., ) | Mag. Judge Michael T. Mason |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before this Court is plaintiff's motion to compel defendant City of Chicago (the "City") to produce outstanding responses to its document requests [40]. As explained in more detail below, that motion is granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff filed this action against the City and various individual officers whom he contends entered his home without justification on February 6, 2007 and performed an illegal search and unreasonable seizure in violation of 42 U.S.C. § 1983.  In Count III of the complaint, plaintiff asserts that the defendant officers' acts were "willful and wanton, and committed in the scope of employment."  Plaintiff seeks to recover any judgment in this case from the City pursuant to the Illinois Tort Immunity Act, 745 ILCS §10/9-102. Defendants deny liability on all counts, and affirmatively state that, based on the circumstances, the defendant officers' actions were objectively reasonable and within constitutional limits.  Discovery in this cases closes on March 30, 2010.

Now, plaintiff moves to compel the City to produce certain responsive documents, specifically complaint register files (the "CR files") maintained by the

Independent Police Review Authority ("IPRA"). Plaintiff alleges that the CR files are responsive to its requests to produce nos. 20-23 which seek documents "related to any formal or informal complaint made against [each of the defendant officers] in the past five years which alleged unreasonable seizure, false arrest, improper search of home, and/or similar allegations," including "the complete file for all prior OPS, IPRA and IAD complaints." The City's response to those request is not included in the record before this Court. However, in its response brief, the City states that it objected to the production of certain CR files "upon the basis that those CR files d[o] not contain similar facts and [a]re therefore irrelevant for purposes of discovery."

As set forth in plaintiff's motion, the City made 31 of the 42 CR files responsive to plaintiff's discovery requests available for attorney review on December 30, 2009. After reviewing the CR files, plaintiff requested that defendant produce copies of 18 of the 31 CR files. The City subsequently produced six of those files. Plaintiff now moves to compel production of the twelve withheld CR files (309003, 308859, 308325, 307803, 307303, 306567, 310860, 1004376, 1003655, 103300, 315466 and 311653), as well as three CR files that were not included in counsel's inspection (309244, 310619 and 312617). Plaintiff also seeks an order instructing the City to produce four "active" CR files (1009133, 1022380, 1028929 and 1023653) which counsel has not previously reviewed. Plaintiff alleges that the requested CR files are discoverable and will allow plaintiff to "explore other instances in which the defendant officers were alleged to have falsified reports to manufacture probable cause for their illegal and unconstitutional conduct," or "stole money from arrestees and failed to inventory items."

## II. LEGAL ANALYSIS

Pursuant to Fed. R. Civ. P. 26(b)(1), this Court will permit "discovery of any nonprivileged matter that is relevant to any party's claim or defense." Relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In its response brief, the City concedes that CR files relating to similar complaints made against defendant officers in the past are discoverable, and affirmatively states that it has produced those files. *See Okai v. Verfuth*, 275 F.3d 606, 611-12 (7th Cir. 2001) (allowing evidence of prior disciplinary report in context of an excessive force action). However, it contends that the CR files at issue involve complaints made against the defendant officers involving a "completely different" kind of misconduct. *Acuna v. Rudzinski*, 2001 WL 1467529, *2 (N.D. Ill. Nov. 16, 2001) (noting that a "CR involving a charge of a completely different kind of misconduct than alleged against the officer in the federal complaint would ordinarily be irrelevant for any purpose, and its production in discovery would not be compelled."). We must determine, based on the limited record before this Court, if the requested documents are relevant and therefore discoverable.

The City contends that discovery of the CR files should not be had due to the dissimilarity of the present complaint to the prior complaints and the remoteness in time of the prior incidents. *See Stewart v. Rouse*, 1998 WL 381975, *1 (N.D. Ill. July 6, 1998) ("Factors to consider include remoteness or nearness in time of the incidents and similarity of the present complaint to the prior complaints. Limited consideration may also be given to whether the law enforcement agency concluded the complaint was

3

founded or not."). The City states that "13 of the 15 closed CR files requested by plaintiff are nothing more than allegations, as they were found to be exonerated, not sustained, or unfounded," and therefore these documents "do not need to be produced." In support, defendant relies on *United States v. Dabney,* 498 F.3d 455, 459 (7th Cir. 2005), in which the Seventh Circuit concluded that the district court's failure to require the government to turn over certain unsubstantiated complaint register files did equate to the suppression of favorable evidence or a violation of defendant's rights. Those issues are not before us. Moreover, defendant has not shown that *Dabney* involved comparable allegations such that the court's holding is relevant to this case.

Turning to the factors set forth in *Stewart*, we first note that plaintiff limited his requests to the past five years, thereby resolving any concerns about the nearness in time of the allegations at issue and the requested CR files. *See Stewart*, 1998 WL 381975 at \*2 (overturning defendant's objection to producing documents relating to an incident involving excessive force approximately eight years before the incident at issue).

Defendant further argues that plaintiff cannot satisfy the similarity prong because the CR files do not contain similar facts. *See Vukadinovich v. Zentz*, 995 F.2d 750, 756 (7th Cir. 1993) (holding that the district court did not abuse its discretion in excluding evidence of "prior complaints [that] arose from dissimilar events and were filed for a number of different reasons."). In a letter attached as exhibit 3 to plaintiff's motion, defense counsel states that the 12 withheld CR files "are far removed from the facts of the underlying case" because "not a single CR file . . . has to do with a search of home, residence, apartment, etc." In that letter, the City briefly summarizes each of the subject

4

CR files, the majority of which involve allegations of unjustified stops and/or searches of a vehicle or allegations of "drugs being planted." For example, defendant identifies CR 308859 as a complaint involving a "stop of the vehicle without probable cause, and detainer of the complainant for an unreasonable time." Similarly, the City states that CR 306567 relates to an allegedly "unjustified search of the vehicle; allegations of drugs being planted and false testimony in court," and CR 1003655 involves a complaint that the defendant officer conducted a "search w/out probable cause of complainant's vehicle and his person; allegations of stealing $250."

Plaintiff challenges the City's efforts to limit the scope of similar complaints to those that involve the search of a house, apartment, or other piece of real property. In his reply brief, plaintiff argues that a number of the requested CR files are relevant because they involve allegations that the defendant officers "falsified reports to manufacture probable cause for their illegal and unconstitutional conduct." Plaintiff asserts that the remaining CR files are relevant because they involve allegations that relate to the "truthfulness of the defendant officers and the veracity of the version of events they recorded in their reports." Plaintiff also questions defense counsel's characterization of the CR files. For example, plaintiff notes that counsel characterizes CR 310860 as "an off-duty traffic accident," when "in reality, this is a sustained complaint for which the defendant-officer was disciplined for lying about a crash in which he was involved." Plaintiff is free to question the defendant officer about this incident in his/her deposition. However, we are not convinced that any complaint involving dishonest conduct is sufficiently similar to the allegations at issue in this case so as to automatically render that CR file discoverable.

5

The validity or substance of the allegations involved in the subject CR files is not before this Court, and we make no finding as to those issues. Rather, we find that plaintiff has shown that the majority of the requested CR files involve similar complaints to those asserted in this case, specifically allegations of false arrest, improper search and/or unreasonable seizure. We are not persuaded by the City's efforts to limit the relevant CR files to those that involve the search of a home, resident, apartment or other piece of real property. Based on the City's description, CR files 310860, 309003 (involving "allegations of drugs being planted") and 312617 ("after complainant recover the impounded vehicle, it was allegedly missing 2 cell phone[s], $580, and 2 sets of house keys") do not appear to have any relevance to the claims and defenses in this case. Subject to those exceptions, the City's objection on the basis of relevance and/or similarity is overruled.

Defendant also argues that the CR files are inadmissible under both Fed. R. Evid. 608(b) (governing the admissibility of specific instances of conduct) and 404 (outlining the exceptions to the general prohibition against admitting character evidence at trial). We do not reach this issue. The admissibility of evidence at trial is for the District Court to decide. At this point in the litigation, it is sufficient for this Court to recognize that the disciplinary records of the defendant officers may show, or lead to evidence that shows, knowledge or intent. *See Padilla v. City of Chicago*, 2009 WL 4891943, *3 (N.D. Ill. Dec. 14, 2009) (noting that "disciplinary records containing any similar factual allegations may be relevant, and admissible.").

Finally, the City states that, consistent with IPRA policy, it will not produce the active CR files without a Court order compelling their production. The City also states

that "it is believed that the production of the on-going investigation files will interfere with the investigation and will compromise, and, in some instances, jeopardize the integrity of the investigation." Thus, it appears that the City is attempting to raise the law enforcement investigative privilege, a qualified privilege that is intended to prevent interference with an investigation. *See Padilla*, 2009 WL 4891943 at *1 (outlining scope of privilege). As other courts in this district have explained in cases where the City is a defendant, to assert the investigative privilege "the responsible official in the governmental department asserting the privilege must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." *Id.* at *2 (quotations omitted). "The party claiming the privilege . . . bears the burden of justifying application of the privilege." *Craig v. City of Chicago*, 2010 U.S. Dist. LEXIS 11464*5 (N.D. Ill. Feb. 8, 2010) (quotation omitted). Here, the City has not met this burden. See *Padilla*, 2009 WL 4891943 at *2 (reasoning that the City of Chicago's "failure to properly assert the privilege establishes a procedural bar to their asserted privilege."). Nevertheless, and in an abundance of caution, this Court will provide the City with an opportunity to demonstrate that portions of the active CR files are entitled to protection under the law enforcement privilege and cannot be produced for an attorneys' eyes only inspection. To the extent necessary, the City is to file an appropriate motion by March 8, 2010.

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion to compel is granted in part. By March 10, 2010, the City is to produce the following CR files: 308859, 308325, 307803,

307303, 306567, 1004376, 1003655, 103300, 315466, 311653, 309244, and 310619. With regard to the active files, the record before this Court does not include any information regarding the substance of the active complaints. Accordingly, by March 12, 2010, defendant is to allow plaintiff's counsel to inspect CR files 1009133, 1022380, 1028929 and 1023653. Plaintiff's request to compel production of those documents is denied without prejudice. If necessary, the parties are to submit an amended agreed confidential matter protective order by March 8, 2010. *See O'Malley v. Vill. of Oak Brook,* 2008 U.S. Dist. LEXIS 8763, *6-7 (N.D. Ill. Feb. 6, 2008) (noting that disciplinary records, including CR files, fall within the category of documents that should be covered by a protective order).

        **ENTERED:**

        _____
        **MICHAEL T. MASON**
        **United States Magistrate Judge**

**DATED: March 4, 2010**