## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS CASILLAS CORTEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 653 |
| | ) | |
| vs. | ) | Judge Gettleman |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. 16, and

> Lawrence V. Jackowiak
> Daniel P. Kiss
> Louis J. Meyer
> Adele D. Nicholas
> Jackowiak Law Offices
> 20 North Clark Street, Suite 1700
> Chicago, Illinois 60602
> 312-795-9595

having appeared as counsel for Plaintiffs, and

> Frank P. Nowicki
> Richard B. Levy
> Alexandria L. Bell
> Brian P. Gainer
> Johnson & Bell, Ltd.
> 33 West Monroe Street, Suite 2700
> Chicago, Illinois 606023
> 312-372-0770

having appeared as counsel for Defendants, the following actions were taken:

(1)  This is an action for alleged violation of Plaintiffs' civil rights brought pursuant to 42 U.S.C. § 1983. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a).  Jurisdiction is not disputed.

(2)  The following stipulations and statements were submitted and are attached to and made a part of this Order:

(a) A comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which may be read to the jury by the court or any party). *Attached hereto as Exhibit A.*

(b) For jury trials, a short agreed description of the case to be read to prospective jurors. *Attached hereto as Exhibit B.*

(c)  Schedules of all exhibits (to be marked for identification before trial), including documents, summaries, charts and other items expected to be offered into evidence, and any demonstrative evidence and experiments to be offered during trial. *Attached hereto as Exhibits C and D.*

(d) A list of the names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness to be noted on the list. *Attached hereto as Exhibits E and F.*

(e) Stipulations or statements setting forth the qualifications of each expert witness in such form that the statement can be read to the jury at the time the expert takes the stand. *None.*

(f) A list of all depositions, or portions thereof, to be read into evidence and statements of any objections thereto. *None.*

(g) An itemized statement of special damages. *Exhibit G.*

(h) For a jury trial, the following:

(i)  Trial briefs except as otherwise ordered by the court. *Attached hereto as Exhibit H.*

(ii)  One set of marked proposed jury instructions, verdict forms, and special interrogatories, if any. *Simultaneously filed separately.*

(iii) A list of the questions each party requests the Court to ask prospective jurors in accordance with Fed. R. Civ. P. 47 (a). *Attached hereto as Exhibits I and J.*

(I) A statement that each party has completed discovery, including the depositions of expert witnesses.  Absent good cause shown, no further discovery shall be permitted. *Attached hereto as Exhibit K.*

(j) Subject to full compliance with all the procedural requirements of Rule

37(a)(2), a brief summary of intended motions in limine. Any briefs in support of and responses to such motions shall be filed as directed by the Court. *Motions in Limine are simultaneously filed separately.*

(k) n/a

(l) *See Exhibit L*

(m) n/a

(3)  The trial is expected to take 4-5 days.

(4)  The parties have requested a jury trial.

(5)  Plaintiffs recommend that 8 jurors be selected at the commencement of the trial Defendants recommend that 12 jurors be selected at the commencement of the trial.

(6) It is the parties' preference that the issues of liability and damages should not be bifurcated for trial.

(7) The parties do not unanimously consent to reassignment of this case to a magistrate judge for trial pursuant to 28 U.S.C. § 636(c).

(8) This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

(9) Possibility of settlement of this case was considered by the parties.


_____

United States District Judge Gettleman

Date: _____


/s/ Adele D. Nicholas

Jackowiak Law Offices

20 North Clark Street, Suite 1700

Chicago, Illinois 60603

(312) 795-9595


*Counsel for Plaintiff*


/s/ Alexandria L. Bell

Johnson & Bell, Ltd.

33 West Monroe Street, Suite 2700

Chicago, Illinois 60603

312-372-0770


*One of the attorneys for Defendants*

## EXHIBIT A: STATEMENT OF UNCONTESTED FACTS

At all times relevant to this complaint, the Defendant-Officers were duly appointed and sworn Chicago police officers acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

At all times relevant to this complaint, Plaintiffs were residents of Chicago, Illinois.

## Exhibit B – Description of Case

      This case arises from an incident that occurred in Chicago in February of 2007. Plaintiffs Juan Carlos Cortez and I.C., a minor, allege that Defendant Chicago Police Officers Michael Campbell, Sean Campbell, Kevin Ryan, and Robin Mahoney, illegally entered and searched their home. Both Plaintiffs allege they were unconstitutionally detained during the search. I.C. alleges that Defendant Robin Mahoney illegally searched her person.

      Defendants deny that the entry into the Plaintiffs' home was illegal, deny that they illegally detained the Plaintiffs, and deny that Officer Robin Mahoney illegally searched I.C.

## Exhibit C – Plaintiff's Exhibits

Plaintiff intends to seek admission of Exhibits 1-4:

1.      Group exhibit, pictures of Plaintiffs' home

        Defendants' Objection: Defendants object to this Group Exhibit, as the pictures of Plaintiffs' home were never produced to the defendants in discovery. Additionally, the defendants object to this Group Exhibit on the basis of foundation and hearsay.

2.      OEMC radio dispatch tapes

        Defendants' Objection: Defendants object to this exhibit on the basis of foundation and hearsay.

3.      Certified Statement of conviction/disposition for Plaintiff's criminal charge

        Defendants' Objection:  Defendants object to the use of this exhibit as a copy of the Certified Statement of disposition was never produced to the defendants in discovery. Defendants further object to the use of this exhibit as irrelevant as there is no malicious prosecution claim in this case, and this exhibit is completely irrelevant to the issue of whether Defendant Officers were justified in entering home, detaining and searching plaintiffs. Additionally, Defendants object to the use of this exhibit on the basis of lack of foundation, hearsay, jury confusion, and thus, more prejudicial than probative under Federal Rule of Evidence 403. Defendants will stipulate that Plaintiff Juan Cortez' charges were nolle prossed by the state.  The exhibit is therefore cumulative, unnecessary, and prejudicial.

4.      Chicago Police Department Event Query Event # 0703713997

        Defendants' Objection: Defendants object to the use of this exhibit on the basis of relevance, foundation, and hearsay and as duplicative of the OEMC radio dispatch audio recordings.  It is not disputed that the defendant officers were present at the scene of the incident in question, and the exhibit is therefore cumulative and unnecessary.

*Plaintiff may use the following exhibits for impeachment, to refresh recollection, for party admissions, prior inconsistent statements, or for another limited purpose:*

5.      Arrest Report of Juan Carlos Cortez

6.      General Offense Case Report

7.      Felony criminal complaint signed by Defendant Campbell

8.      Group exhibit, Motor vehicle inventory report and tow report

9.      Order to Preserve evidence entered on February 13, 2007

        Defendants' Objection: Defendants object to the use of this exhibit on the  basis
        of relevance, foundation, hearsay, and jury confusion.

10.     March 19, 2007, letter from OEMC

        Defendants' Objection: Defendants object to the use of this exhibit on the basis of
        relevance, foundation, hearsay, and jury confusion.

11.     Transcript of Preliminary Hearing from People v. Juan Castillas, 07MC1108738

12.     Transcript from motion to suppress People v. Juan Castillas, 07 CR 21893

13.     Attendance and Assignment Sheets for the 8th District on February 6, 2007

14.     Group exhibit, Office of Professional Standards file #308859

        Defendants' Objection:  Defendants object to the use of this exhibit on the basis
        of relevance, foundation, hearsay and more prejudicial than probative under FRE
        403.  See Defendants' Motions in Limine for further argument on these issues.

15.     Group exhibit, Office of Professional Standards file # 1006537

        Defendants' Objection:  Defendants Flaherty, Andrade, and the City of Chicago
        object to the use of this exhibit on the basis of relevance, foundation, hearsay and
        more prejudicial than probative under FRE 403.  See Defendants' Motions in
        Limine for further argument on these issues.

16.     Defendant Michael Campbell's deposition transcript

17.     Defendant Robin Mahoney's deposition transcript

18.     Defendant Sean Campbell's deposition transcript

19.     Defendant Kevin Ryan's deposition transcript

20.     Martin Robin's deposition transcript

21.     Michelle Gonzalez's deposition transcript

22.     Julian Morgan's deposition transcript

23.     Francisco Gonzalez's deposition transcript

24.     Yvonne Delia's deposition transcript

25.     Erica White's deposition transcript

26.     Guadalupe Castro's deposition transcript

27.     Plaintiff Juan Cortez's deposition transcript

28.     Plaintiff I.C.'s deposition transcript

29.     Statement of Erika White given to investigator

30.     Defendants' Answer to Plaintiff's Complaint

31.     Defendant Michael Campbell's  Answers to Plaintiff's Interrogatories

        Defendants' Objection:  Defendants generally object to the use of this exhibit on
        the basis of relevance, ambiguity, overbreadth, hearsay, failure to sufficiently
        calculate to lead to the discovery of admissible evidence, and prejudice.
        Moreover, Defendants specifically objected to many of the written requests, which
        were overly broad, unduly vague, oppressive, ambiguous, and not likely to lead to
        relevant discovery.

32.     Defendant Robin Mahoney's Answers to Plaintiff's Interrogatories

        Defendants' Objection:  Defendants generally object to the use of this exhibit on
        the basis of relevance, ambiguity, overbreadth, hearsay, failure to sufficiently
        calculate to lead to the discovery of admissible evidence, and prejudice.
        Moreover, Defendants specifically objected to many of the written requests, which
        were overly broad, unduly vague, oppressive, ambiguous, and not likely to lead to
        relevant discovery.

33.     Defendant Sean Campbell's Answers to Plaintiff's Interrogatories

        Defendants' Objection:  Defendants generally object to the use of this exhibit on
        the basis of relevance, ambiguity, overbreadth, hearsay, failure to sufficiently
        calculate to lead to the discovery of admissible evidence, and prejudice.
        Moreover, Defendants specifically objected to many of the written requests, which
        were overly broad, unduly vague, oppressive, ambiguous, and not likely to lead to
        relevant discovery.

34.     Defendant Kevin Ryan's Answers to Plaintiff's Interrogatories

<u>Defendants' Objection</u>:  Defendants generally object to the use of this exhibit on the basis of relevance, ambiguity, overbreadth, hearsay, failure to sufficiently calculate to lead to the discovery of admissible evidence, and prejudice. Moreover, Defendants specifically objected to many of the written requests, which were overly broad, unduly vague, oppressive, ambiguous, and not likely to lead to relevant discovery.

## Exhibit C – Defendants' Exhibits

Defts. Exhibit 1          Rifle, magazine and ammunition recovered from inside the Plaintiffs' home on February 6, 2007.

Objection. Plaintiffs object to introduction of these objects because they lack probative value and would be extremely prejudicial. Plaintiff does not dispute that a gun was recovered. The only reason to introduce these objects would be to inflame, frighten and prejudice the jury. They should be barred pursuant to FRE 403.

Defts. Exhibit 2          Chicago Police Department Property Inventory No. 10925494 (2 pages inventory sheet for (1) Ruger .22 Cal Long Rifle; (2) ten live .22 Cal Rounds; and (3) one .22 Cal Magazine, all recovered from inside the Plaintiffs' home on February 6, 2007).

Objection. Hearsay. These inventory sheets are not probative of anything at issue in this trial and would be unfairly prejudicial.They would only be introduced to inflame, frighten and prejudice the jury. They should be barred pursuant to FRE 403.

Defts. Exhibit 3          Signed criminal complaint for Aggravated UUW – 07 CR 108738 - against Plaintiff "Casillas, Juan" sworn to by Defendant Michael Campbell (1 page containing the charges brought against the plaintiff Juan Cortez).

Defts. Exhibit 4          Chicago Police Department General Offence Case Report (handwritten) (3 pages containing the date, time, and location of arrest, and short narrative of the incident).

Objection. Hearsay, foundation. Plaintiff does not object to use of this exhibit for a limited purpose such as to refresh recollection.

Defts. Exhibit 5          Chicago Police Department Arrest Report for Plaintiff Juan Carlos Cortez concerning his arrest on February 6, 2007 and charges against him (5 pages containing the date, time, and location of arrest, and a brief description of the arrest).

Objection. Hearsay, foundation, substantially more prejudicial than probative. Plaintiff does not object to use of this exhibit for a limited purpose such as to refresh recollection.

Defts. Group Exhibit 6          Motor Vehicle Inventory Report, Vehicle Tow Report, Notice of Vehicle Impoundment (4 pages containing information regarding the

vehicle driven by the plaintiff Juan Cortez on February 6, 2007 and the reasons for impoundment).

Objection. Hearsay, foundation.

Defts. Exhibit 7    Information for Plaintiff Juan Carlos Cortez's criminal case, 07 CR-4193 (8 pages, establishing judicial determination of probable cause to hold plaintiff Juan Cortez).

Objection. Hearsay. Foundation. This exhibit lacks relevance. Plaintiff has not asserted a malicious prosecution claim. This exhibit would also present a substantial risk of confusing the jury, would invade the jury's fact-finding function, would improperly bolster the defendants' credibility and would be substantially more prejudicial than probative.

Defts. Exhibit 8    Plaintiffs' First Amended Complaint (5 pages containing Count I-unreasonable seizure; Count II – unreasonable search of a person (plaintiff I.C. only); Count III – illegal search of a home).

Objection. Plaintiff objects to introduction of the complaint as an exhibit for any purpose. This is a legal document drafted by counsel, not a statement by any party.

Defts. Exhibit 9    Erica White's Statement given on January 16, 2007 to a private investigator (1 page summary of events as observed by Erica White).

Objection. Hearsay, foundation.

Defts. Exhibit 10    Plaintiff Juan Carlos Cortez's Criminal History Report (4 pages containing 1 felony and 4 misdemeanor arrests).

Objection. See Plaintiffs' motion *in limine* 1.

Defts. Exhibit 11    Answers to Defendant Campbell's First Set of Interrogatories (9 pages).

Defts. Exhibit 12    Report of Proceedings of the Preliminary Hearing before the Honorable Donald Panarese on February 13, 2007 (14 pages – finding of probable cause).

Objection. Hearsay. Foundation. This exhibit lacks relevance. Plaintiff has not asserted a malicious prosecution claim. This exhibit would also present a substantial risk of confusing the jury, would invade the jury's fact-finding function, would improperly

bolster the defendants' credibility and would be substantially more prejudicial than probative. Plaintiff does not object to use of this transcript for a limited purpose such as impeachment or to refresh recollection.

| | |
|---|---|
| Defts. Exhibit 13 | Transcripts of Motion to Suppress Hearings before the Honorable Mary Brosnahan on March 7, and April 22, 2008 (86 pages total). |
| | Plaintiff does not object to use of this exhibit for a limited purpose such as to impeach or refresh recollection. |
| Defts. Exhibit 14 | Transcript of Plaintiff Juan Cortez Deposition taken on January 12, 2010. |
| | Plaintiff does not object to use of this exhibit for a limited purpose such as to impeach or refresh recollection. |
| Defts. Exhibit 15 | Transcript of Plaintiff I.C. Deposition taken on March 1, 2010. |
| | Plaintiff does not object to use of this exhibit for a limited purpose such as to impeach or refresh recollection. |
| Defts. Exhibit 16 | Transcript of Luis Casillas Deposition taken on January 18, 2010. |
| | Plaintiff does not object to use of this exhibit for a limited purpose such as to impeach or refresh recollection. |
| Defts. Exhibit 17 | Transcript of Guadalupe Cortez Deposition taken on March 1, 2010. |
| | Plaintiff does not object to use of this exhibit for a limited purpose such as to impeach or refresh recollection. |
| Defts. Exhibit 18 | Transcript of Erica White Deposition taken on January 6, 2010. |
| | Plaintiff does not object to use of this exhibit for a limited purpose such as to impeach or refresh recollection. |

## **EXHIBIT C(2) – Demonstrative Exhibits**

*Plaintiffs' Demonstrative Exhibits*

Diagram/layout of Plaintiffs' residence

*Defendants' Demonstrative Exhibits*

Enlargements of documents (previously marked) including google maps

## Exhibit D – Plaintiff's Witness List

*Plaintiff Will Call:*

1. Plaintiff Juan Carlos Casillas Cortez

2. Plaitniff I.C.

3. Defendant Sean Campbell (as an adverse witness pursuant to FRE 611(c); see also Ellis v. City of Chicago, 667 F.2d 606, 612-13 (7th Cir. 1981).)

4. Defendant Michael Campbell (as an adverse witness pursuant to FRE 611(c); see also Ellis v. City of Chicago, 667 F.2d 606, 612-13 (7th Cir. 1981).)

5. Defendant Kevin Ryan (as an adverse witness pursuant to FRE 611(c); see also Ellis v. City of Chicago, 667 F.2d 606, 612-13 (7th Cir. 1981).)

6. Defendant Robin Mahoney (as an adverse witness pursuant to FRE 611(c); see also Ellis v. City of Chicago, 667 F.2d 606, 612-13 (7th Cir. 1981).)

7. Guadalupe Castro

8. Erica White

9. Julian Morgan (as an adverse witness pursuant to FRE 611(c); see also Ellis v. City of Chicago, 667 F.2d 606, 612-13 (7th Cir. 1981).)

10. Francisco Gonzalez (as an adverse witness pursuant to FRE 611(c); see also Ellis v. City of Chicago, 667 F.2d 606, 612-13 (7th Cir. 1981).)

11. Keeper of Records OEMC (unless stipulation to OEMC tapes and event query)

12. Shannon M. Lynch

13. Kevin Boyd

   Defendants' Objection: Defendants object to this witnesses on the basis of relevance, FRE 403, and FRE 404. For a further discussion of these arguments, please see defendants' Motions *in Limine*.

14. Geraldine Boyd

   Defendants' Objection: Defendants object to this witnesses on the basis of relevance, FRE 403, and FRE 404. For a further discussion of these arguments, please see defendants' Motions *in Limine*.

15. Armando Alvarez

<u>Defendants' Objection:</u> Defendants object to this witnesses on the basis of relevance, FRE 403, and FRE 404. For a further discussion of these arguments, please see defendants' Motions *in Limine*.

*Plaintiff May Call:*

    16.    Luis Casillas

    17.    Yvonne Delia (as an adverse witness pursuant to FRE 611(c); <u>see also</u> <u>Ellis v. City of Chicago</u>, 667 F.2d 606, 612-13 (7th Cir. 1981).)

    18.    Martin Robin (as an adverse witness pursuant to FRE 611(c); <u>see also</u> <u>Ellis v. City of Chicago</u>, 667 F.2d 606, 612-13 (7th Cir. 1981).)

    19.    Michelle Gonzalez (as an adverse witness pursuant to FRE 611(c); <u>see also</u> <u>Ellis v. City of Chicago</u>, 667 F.2d 606, 612-13 (7th Cir. 1981).)

Plaintiff reserves the right to call record keepers to establish the proper foundation for any exhibit. Plaintiff reserves the right to call any court reporter for impeachment. Plaintiff reserves the right to call any of the witnesses listed by Defendants.

## Exhibit D – Defendants' Witness List

*Defendants Will Call:*

1.   Plaintiff Juan Carlos Casillas Cortez

2.   Plaintiff I.C.

3.   Defendant Sean Campbell

4.   Defendant Michael Campbell

5.   Defendant Kevin Ryan

6.   Defendant Robin Mahoney

7.   OEMC Keeper of Records

*Defendants May Call:*

8.   Luis Casillas

9.   Guadalupe Castro

10.  Erica White

11.  Julian Morgan

12.  Francisco Gonzalez

13.  Yvonne Delia

14.  Martin Robin

15.  Michelle Gonzalez

Defendants reserve the right to call any witness listed by the plaintiffs. Defendants reserve the right to call any rebuttal witnesses who become apparent throughout the course of the trial in this matter. Defendants reserve the right to call record keepers to establish proper foundation for any exhibit and any court reporter for impeachment.

## EXHIBIT E – EXPERT WITNESSES

n/a

## **EXHIBIT F – DEPOSITIONS TO BE READ INTO EVIDENCE**

At the present time, the parties do not anticipate reading any deposition testimony at trial into evidence, but reserve the right to do so if a witness who was deposed in this action becomes unavailable for trial. Depositions and portions thereof will be used as necessary to impeach and/or refresh the recollection of any witness called at trial.

## EXHIBIT G – ITEMIZED STATEMENT OF DAMAGES

Plaintiff is seeking general compensatory damages, including emotional distress, which were proximately caused by the conduct of Defendant-Officers. Plaintiffs will also be seeking punitive damages for the egregious conduct of Defendants.

Plaintiff will also seek attorneys' fees and costs if prevailing party.

**Exhibit H (I)– Plaintiff's Trial Brief**

Nature of Action and Jurisdiction

This is an action alleging violations of Plaintiffs' Fourth and Fourteenth Amendment rights, arising out of an illegal search of Plaintiffs' home on February 6, 2007.  Plaintiff seeks compensatory and punitive damages. Jurisdiction, which is not disputed, is invoked pursuant to 28 U.S.C. § 1331 and § 1343(a).

Facts Plaintiff Expects the Evidence Will Establish

As Plaintiff Juan Carlos Casillas Cortez was driving home from work on the evening of February 6, 2007, he had an argument with another motorist. He didn't think much of the confrontation, but unbeknownst to him, the motorist called the police and said that Plaintiff had a gun in his vehicle. Plaintiff did not have a gun in his car or on his person during this encounter.

Around 6:15 p.m., Juan Carlos arrived at his home located at 6149 South Richmond in Chicago. Plaintiff I.C., a 13-year-old female, along with her brother, Luis Casillas, were at home. Shortly thereafter, Defendant-Officers Michael Campbell, Robin Mahoney, Sean Campbell, and Kevin Ryan arrived and surrounded Plaintiffs' house. Defendant-Officers knocked on the front door. When I.C. began to open the door, the Defendant-Officers barged into the home without permission. The officers lacked a search warrant, consent or exigent circumstances to justify the entry.

Other Defendant-Officers went around to the back of Plaintiffs' house. Defendant-Officer Michael Campbell saw Plaintiff Juan Carlos outside the back door with his dog. Campbell grabbed Juan Carlos and forced him into the house.

Defendant-Officer Mahoney searched I.C. and Defendant-Officers handcuffed her and Luis Casillas. While Plaintiff and his family were detained in one room, the Defendants searched bedrooms and closets within the house.

The evidence will also show that Defendants' story that they chased Juan Carlos into his home after he exited his car with a gun is an after-the-fact fabrication to justify the illegal entry and search. Other officers who arrived at the scene before the Defendant-Officers reported to a dispatcher that Plaintiff's car was parked outside, but no one was in or around it.

<u>Theory of Liability</u>

The evidence will show that the Defendant-Officers' entry into Plaintiffs' home, their detention of Plaintiffs during the search, and their search of Plaintiff I.C.'s person were unconstitutional. As a result of the unconstitutional conduct of Defendants, Plaintiffs suffered damages including emotional distress. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any compensatory damages judgment in this case arising from the  Defendant-Officers' actions. Plaintiffs will also be seeking punitive damages against the individual Defendant-Officers on the basis that their actions showed reckless disregard for Plaintiffs' constitutional rights, as evidenced by the after-the-fact coverup.

## **Exhibit H(I) – Defendant's Trial Brief**

Defendants for their Trial Brief pursuant to the order of this Honorable Court, state the following:

On February 6, 2007, plaintiff, Juan Carlos Cortez, was arrested by the defendant officers after he was observed to exit a grey Jeep Cherokee parked in front of 6149 S. Richmond in Chicago, Illinois ("the residence") holding a gun in his right hand. After exiting the Jeep, plaintiff Juan Cortez immediately ran toward the front door of the residence. With defendant officers Michael Campbell, Kevin Ryan and Sean Campbell in hot-pursuit, Juan Cortez entered the residence and threw the gun into one of the bedroom closets. Plaintiff was subsequently arrested and charged with Aggravated Unlawful Use of Weapon (720 ILCS 5.0/24-1.6-A-1), Firearm without Valid FOID (430 ILCS 65.0/2-A-1) and Failure to Register Firearm (8-20-040).

Plaintiffs' First Amended Complaint claims that defendant officers violated their Fourth and Fourteenth Amendment rights by unreasonably seizing and searching them, and the residence. Defendants deny all of these allegations, deny that the plaintiffs' rights were in any way violated as a result of this encounter with the defendant officers on February 6, 2007, assert that probable cause existed to enter the house, detain its occupants and arrest plaintiff Juan Cortez, and assert that they are entitled to qualified immunity for their actions on the date of the incident in question.

## I.    **Defendants' Theory of the Case**

At trial, the defendants will introduce evidence to establish that while on routine patrol they received and responded to "a person with a gun" 911 radio call. The dispatch center provided the officers with a description of a suspect male wearing a black sweater and driving a grey Jeep Cherokee with a license plate 3065296. A license plate query provided that the grey Jeep Cherokee was owned by multiple owners residing at 6149 South Richmond in Chicago, Illinois. Defendant Officers Michael Campbell and Robin Mahoney relocated to the residence, and observed the grey Jeep Cherokee with tinted windows, license plate 3065296, parked on the east side of Richmond street in front of the residence. As soon as Defendant Officer Michael Campbell exited the vehicle, he observed the driver's side door of the Jeep open, and a Hispanic man exit the vehicle holding a handgun in his right hand.

Upon making an eye-contact with the police, the male Hispanic took off to the front door

of the residence. At that time, Defendant Officers Sean Campbell and Kevin Ryan also arrived at the location. They observed Defendant Officer Michael Campbell run after an individual toward the front door of the residence. They immediately exited their vehicle and joined Defendant Michael Campbell in pursuit of the suspect. Once inside the residence, Defendant Officer Michael Campbell observed subject male run into a bedroom to his left and toss a gun into the closet. Defendant Officer Kevin Ryan observed Officer Michael Campbell recover the gun from the closet and secure the weapon. Plaintiff Juan Carlos Cortez was handcuffed and placed under arrest. Other occupants at the residence, including I.C., were detained while the police performed a limited search of the residence. I.C. was seated on a coach and handcuffed together with her sister, Guadalupe Castro, and Defendant female Officer Robin Mahoney performed a quick pat down of the girls. Subsequent to the plaintiff Juan Carlos Cortez's arrest, he was searched and transported to Eighth District police station for processing. The plaintiff was charged with aggravated unlawful use of an unregistered weapon.

The exigent circumstances in this case that led to the hot pursuit of plaintiff Juan Carlos Cortez, nullify plaintiffs' claims for unlawful search and seizure. Additionally, as a matter of law, the defendant officers are entitled to qualified immunity for their actions on February 6, 2007, because their actions were objectively reasonable, given the circumstances described above, and were within the clearly established constitutional limits that existed when the plaintiffs were seized and searched.

## II.    Defendants' Presentation of the Evidence

To prove their theory of the case, the defendant officers will testify about their observations on the date of the incident, and will further testify about the factors that led to the existence of probable cause to pursue and arrest the plaintiff Juan Carlos Cortez and detain plaintiff I.C. on February 6, 2007. This testimony will establish that exigent circumstances existed for the entry into the residence, plaintiff Juan Carlos Cortez's arrest, and detention of I.C., and the existence of those exigent circumstances defeats the plaintiffs' claims. The testimony will also establish that the defendants' actions were reasonable under the circumstances, and were within the clearly established constitutional limits that existed when the plaintiffs were searched and detained, thereby entitling them to qualified immunity as a matter of law.

To establish these factors, the defendants will also submit a 911 audio recording detailing a call from a female caller saying that a man wearing a black sweater, inside a grey Jeep

Cherokee with a license plate 3065296 on a corner of 56th Street and Kedzie has a gun in his hands.

III.    **Conclusion**

Defendants believe that the testimony and evidence in this matter when applied to the applicable law will lead to a finding of no liability on the plaintiffs' claims. Defendants also believe, as noted above, that probable cause existed to enter and search the plaintiffs' residence, their persons and detain I.C. for the limited purpose of securing the residence, and that they are entitled, as a matter of law, to qualified immunity for their actions on February 6, 2007. At no time did the defendant officers violated plaintiffs' constitutional rights. The remaining issues are ones of credibility, and the defendants believe that they will be judged more credible by the jury in the case.

## **EXHIBIT H (ii) – PROPOSED JURY INSTRUCTIONS**

The proposed jury instructions are attached hereto along with the parties proposed verdict forms.

## **Exhibit H (iii) – Plaintiff's Proposed Voir Dire Questions**

1.      Do you belong to any clubs or organizations?

2.      Have you ever been in Court under any circumstances, for example as a witness, or merely as an observer, or with friends?

3.      Have you ever been a party to a lawsuit?

4.      Has anyone in your family even been a party to a lawsuit?

5.      Have you ever been to court under any circumstances?

6.      Do you have friends or relatives who are lawyers or judges?

7.      What kind of books, magazines or newspapers do you read?

8.      Do you subscribe to any newspapers or magazines?

9.      What is your source for news? How often do you read a newspaper? How often to you watch the news on television?

10.     Have you ever had any affiliation with the City of Chicago?

11.     Do you have any relatives or friends who are employees of, or have worked for the City of Chicago, or affiliated in any way?

12.     Have you or anyone in your family ever served in the military?

13.     Have you ever worked as a police officer, security guard, or in law enforcement in any capacity?

14.     Do you have any relatives or friends who are police officers, or have been police officers?

15.     Would you be inclined to believe the testimony of a police officer over a civilian simply because that person is a police officer?

16.     Do you feel that police officers should be able to use as much force as they want when they make an arrest? Do you feel it is wrong to have restrictions on the amount of force the police can use when making an arrest?

**Defendants object to this question as it is an overly suggestive attempt to        introduce the plaintiffs' position in this matter to the prospective jury. Defendants further object to this attempt to bias the prospective jurors against the defendants by indirectly referring to other, unrelated, incidents of police misconduct.**

17.     Do you think that emotional distress or pain and suffering is something that you could *not* give money damages for?

18.     Do you feel the police are treated unfair by the media and get too much bad publicity?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury. Defendants further object to this attempt to bias the prospective jurors against the defendants by indirectly referring to other, unrelated, incidents of police misconduct.**

19.     Do you think the police are sued too much?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury. Defendants further object to this attempt to bias the prospective jurors against the defendants by indirectly referring to other, unrelated, incidents of police misconduct.**

20.     Do you think its wrong to sue a police officer?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury.**

21.     Do you think that its wrong to allow civilians to bring lawsuits against police officers challenging the manner in which they do their job?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury. Defendants further object to this attempt to bias the prospective jurors against the defendants by indirectly referring to other, unrelated, incidents of police misconduct.**

22.     Do you think that police officers, like everyone else, are capable of making mistakes? Do you think that police officers, like everyone else, should be held responsible for damages and injuries caused by their mistakes?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury. Defendants further object to this attempt to bias the prospective jurors against the defendants by indirectly referring to other, unrelated, incidents of police misconduct.**

23.     Because of your respect and appreciation of the police, would it be hard for you to find that a police officer did something wrong and hold him accountable?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury. Defendants further object to this attempt to bias the prospective jurors against the defendants by indirectly referring to other, unrelated, incidents of police misconduct.**

24.     Have you ever participated in any type of "support the local police" campaign?

25.     Do you have any views about the crime problem in Chicago? Do you think the police should just be left alone to do their job and fight crime?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury. Defendants further object to this attempt to bias the prospective jurors against the defendants by indirectly referring to other, unrelated, incidents of police misconduct.**

26.     Do you think society has become too soft on crime?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury.**

27.     Burden is preponderance of the evidence? Can you apply that standard? Do you think its unfair to the Defendants?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury.**

28.     Have you even taken an active interest in politics, other than voting? Have you ever supported a candidate running for office?

29.     What are you feelings about our court system which allows juries to resolve disputes and allegations of misconduct? Do you think that there are too many frivolous lawsuits? Do you think that juries award too much money?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury.**

30.     We *all* have great respect for police officers. But is there anyone here who feels that police officers are so special that they can do no wrong?

**Defendants object to this question as it is an overly suggestive attempt to introduce the plaintiffs' position in this matter to the prospective jury.**

**Exhibit H (iii) – Defendants' Proposed Voir Dire Questions**

1.      Do you own your home or rent it?

2.      What other jobs and employers have you had during your working life?

3.      Do you know any of the parties or their attorneys? If yes, please explain your relationship.

4.      Do you know of any of the witnesses who may testify in this case? If yes, please explain your relationship.

5.      What are the newspapers and/or magazines that you read regularly?

6.      What are the television or radio programs that you watch or listen to regularly?

7.      Do you have a predisposition against any person because he/she is a law enforcement official?

8.      If you are selected to sit on this case, will you be able to render a verdict based solely on the evidence presented at trial and the law as I give it to you?

9.      Will the fact that the defendants are law enforcement officials affect your ability to render a fair verdict based solely on the evidence and the law as I present it to you?

10.     Will you judge all witnesses by their manner on the stand, their interest or bias in this case, their ability and opportunity to observe, their testimony, their prejudice and the reasonableness of their testimony?

11.     Have you ever applied for a job with a law enforcement agency or security-related business?

12.     Have you, or any relatives or close friends, ever been:
        a.      questioned or detained by a police officer?
        b.      arrested or charged with violating any law or ordinance?
        c.      convicted of a crime, jailed or imprisoned?

13.     Have you or any relatives or close friends, ever been accused, victim or witness in a criminal case?

14.     Did you have any contact with law enforcement personnel in relation to that experience? Was that experience favorable, unfavorable or indifferent? Please elaborate.

15.     Have you, or any relatives or close friends, had any prior dealings with members of the Chicago Police Department?

16.     Have you, or any relatives or close friends, had any dealings with police officers

that left you with strongly negative or strongly positive feelings about police officers generally?

17.     Do you have any physical or emotional disabilities that would make it difficult or impossible to serve on the jury? If yes, please explain.

18.     How is your eyesight? Your hearing?

19.     Will you follow the Court's instructions on the applicable law in each instance, whether you agree with the law or not?

20.     Is there anything about the issues or people involved in this case that would prevent you from considering the issues fairly and impartially?

## Exhibit I – Statement of Discovery Completion

Discovery is complete.

## EXHIBIT J – MOTIONS IN LIMINE

Filed simultaneously under separate cover

Plaintiffs' Motions *in Limine*

1. Motion to keep out prior arrests that did not lead to convictions
2. Motion to bar any evidence or argument that Plaintiff or any of his witness are members of a gang
3. Motion to bar evidence of how Plaintiff obtained the gun
4. Motion to bar Defendants from inferring that Plaintiff or any of his witnesses are illegal aliens
5. Motion to allow Plaintiffs to call non-defendant Chicago police officers as adverse witnesses

Defendants' Motions *in Limine*

1. Bar evidence, testimony, or argument of prior citizen complaints, and/or other prior or current lawsuits for alleged police misconduct, and bar plaintiffs' intended 404(b) witnesses.

2. To bar reference to, testimony about, or evidence regarding Officers Sean Campbell and Robin Mahoney's prior enrollment in the Behavioral Intervention System.

3. All non-party witnesses should be excluded from the courtroom during trial testimony.

4. Evidence regarding a "Code of Silence" or a "Blue Wall" should be barred.

5. Any testimony, evidence, argument or comments regarding other events concerning allegations of police misconduct in the media or any other forum should be barred.

6. Any testimony, evidence, argument or comments regarding appointment of new superintendent and other police officials or departments to investigate allegations of police misconduct should be barred.

7. To bar reference to, testimony about, or evidence regarding Officer Kevin Ryan's prior assignment to the Special Operations Section.

8. Argument regarding Defendants' alleged failure to call witnesses should be barred.

9. Any argument or implication that the Defendants failed to comply with pretrial discovery should be barred.

10. Any argument or implication of a conspiracy should be barred.

11.     Any testimony or argument that the jury should punish the City should be barred.

12.     Any testimony or argument regarding settlement discussions must be barred pursuant to Rule 408.

13.     Bar attempts to condition the jury to award a specific amount of money.

14.     Bar any implication or testimony that Chicago Police Department Personnel are being paid by the City to appear in court and testify.

15.     Bar any evidence or testimony that the City Of Chicago will indemnify the Defendant Officers.

16.     To bar comment on the fact that Defendants have multiple attorneys representing them in this litigation or any references to the attorneys for Defendants as "City Lawyers," or "the City."

17.     To bar calling of undisclosed witnesses and introduction of undisclosed exhibits.

18.     To bar evidence of any duty owed other than those duties imposed by law.

19.     Reference to Chicago Police Department General Orders should be barred.

20.     To bar reference to, testimony about, or evidence regarding Plaintiffs' prayer for punitive damages.

21.     To bar damages for past and future emotional distress.

## **EXHIBIT K – AGREED STATEMENT OF CONTESTED ISSUES OF FACT**

n/a

## **EXHIBIT L – WAIVERS OF CLAIMS OR DEFENSES**

n/a

## EXHIBIT M – FINDINGS OF FACT/ CONCLUSIONS OF LAW

n/a