IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS CASILLAS CORTEZ, I.C., a minor by Maira Maqpi Cortez, | ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 0653 |
| v. | ) ) | Judge Robert W. Gettleman |
| CITY OF CHICAGO, MICHAEL CAMPBELL, Chicago Police Officer, Star 19415, ROBIN MAHONEY, Chicago Police Officer, Star 2850, SEAN CAMPBELL, Chicago Police Officer, Star 12516, and KEVIN RYAN, Chicago Police Officer, Star 13409, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ON MOTIONS IN LIMINE

**Plaintiffs' Motions in Limine**

1. To Bar Evidence of Prior Arrests that did not Lead to Convictions: granted by agreement.

2. To Bar Evidence that Plaintiff or Witnesses are Members of a Gang: granted, unless defendant can show that a particular witness had prior contact with law enforcement officers that might reasonably imply bias or prejudice against the police defendants.

3. To Bar Evidence Regarding How Plaintiff Obtain the Gun: granted in part. Defendant may introduce evidence that plaintiff Juan Carlos Casillas Cortez owned and possessed the gun in question prior to the incident. How he obtained it, however, is irrelevant and unduly prejudicial.

4. To Bar Evidence Regarding Whether Plaintiffs or Witnesses are Illegal Aliens: granted. Plaintiffs' immigration status is largely irrelevant, of very limited probative value, and unduly prejudicial.

5. To Permit Plaintiffs to Call Non-Party Chicago Police Officers and Employees as Adverse Witnesses: granted by agreement.

**Defendants' Motions in Limine**

1. To Bar Evidence of Prior Citizen Complaints or Lawsuit for Alleged Police Misconduct: granted. The Boyd and Alvarez incidents are to dissimilar and contested to meet the threshold of relevance to prove <u>modus</u> <u>operandi</u>. In

        addition, the Boyd incident is quite remote in time (four years) and involved six officers other than defendant Kevin Ryan. Finally, the court finds that this evidence would be far more unduly prejudicial than probative. Fed. R. Civ. P. 403, 404(b).

2. To Bar Evidence Regarding Officer Campbell's 2003 DUI: granted by agreement.

3. To Bar Evidence Regarding Officers Campbell's and Mahoney's Prior Enrollment in a Behavioral Intervention System: granted by agreement.

4. To Exclude Witness from Courtroom: granted by agreement. The court notes that pursuant to its standing order, witness are always barred from the courtroom during testimony, and this motion was unnecessary.

5. Evidence Regarding a "Code of Silence" or a "Blue Wall": denied. Plaintiff confirms that it is not basing any claim upon an alleged "code of silence," but intends to cross examine police officer defendants and witnesses concerning their bias, prejudice and alleged reluctance to testify against fellow officers. This type of cross examination is permissible and will be allowed.

6. To Bar Evidence, Arguments, or Comments Regarding Other Events Concerning Allegations of Police Misconduct in the Media or Any Other Form as well as Office Ryan's Prior Assignment to Special Operations Section ("SOS"): granted in part and denied in part. Plaintiffs are directed not to refer to media accounts of police misconduct, but are permitted to inquire about a defendant officer's prior Chicago police department experience in developing background information. The court will reserve further ruling on this motion until the trial of this case so that any potential questions can be put into proper context.

7. To Bar Evidence Regarding Appointment of Superintendent Weiss and Other Police Officials to Investigate Allegations of Police Misconduct: granted by agreement.

8. To Bar Argument Regarding Defendants' Alleged Failure to Call Witnesses: denied in principle. The court will reserve final ruling on this issue for the trial of the case, but in general an attorney is permitted to argue about the absence of evidence and witnesses as much as he or she is allowed to argue about the evidence and witnesses that were presented at trial.

9. To Bar Argument or Implication that Defendants Failed to Comply with Pretrial Discovery: granted by agreement.

10. To Bar Argument or Implication of Conspiracy: denied in principle. Plaintiffs may argue that defendants and other defense witnesses may have been engaged in a "cover up." Plaintiffs do not allege a conspiracy claim, and will not present conspiracy as a basis for any recovery.

11. To Bar Evidence that the Jury Should Punish the City: granted with respect to the City, denied with respect to the individual defendants. Punitive damages are unavailable against the City of Chicago, but are potentially available against the individual defendants. In addition, plaintiffs may argue that the verdict of the jury should "send a message" to both the City and the other defendants should the jury so decide.

12. To Bar Evidence Regarding Settlement Discussions: granted by agreement.

13. To Bar Attempts "to Condition the Venire to Award a Certain Figure, to Probe the Amount of Money a Juror Would Award, and to Bar Any "Golden Rule" Argument: granted by agreement.

14. To Bar Evidence that Police Department Personnel are Paid by the City to Appear in Court: denied. Plaintiffs may examine a witness with respect to any compensation that the witness might have received for testifying.

15. To Bar Evidence Regarding Indemnification: granted by agreement in principle. As plaintiffs point out, however, defendants could open the door by introducing evidence of inability to pay any judgment.

16. To Bar Comment Regarding the Fact that Defendants Have Multiple Attorneys or that They Are Represented by "City Lawyers" or "the City": granted. The lawyers will be introduced by name and, if they choose, affiliation. No further argument or comment about their affiliation is appropriate from their opponent.

17. To Bar Undisclosed Evidence: granted in principle. The court will reserve ruling on any evidence that might be appropriately introduced that has not previously been disclosed, but will be reluctant to allow the introduction of such evidence.

18. To Bar Evidence of Any Duty Other Than the Duties Imposed by Law: denied. The court does not understand this motion, but will instruct the jury on the elements of the case and the duties that defendants are charged with.

19. To Bar References to General Orders: denied. Evidence of administrative regulations or general orders of the police department are admissible, and as plaintiffs point out may not be the basis for liability. Pattern Seventh Circuit Instruction 7.04 makes this clear to the jury, and also implies that such evidence is admissible.

20. To Bar Reference to Plaintiffs' Claim for Punitive Damages: denied. Defendants may renew their request with respect to closing argument and jury instruction at the close of the evidence, but as the court understands the case at this point, plaintiffs will be entitled to argue that punitive damages should be awarded against the defendant officers.

21. To Bar Plaintiffs From Seeking Damages for Emotional Distress: denied. Plaintiffs are alleging intentional misconduct that could support a verdict for emotional distress. The jury will be instructed as to the elements of such damages pursuant to Pattern Seventh Circuit Instruction 7.23.

22. To Bar Reference to the Outcome of Plaintiff Cortez' Criminal Case: denied. The jury should be given a complete picture of the consequences of the search and other conduct alleged in this case, and should not be allowed to infer that plaintiff Cortez was found guilty. This evidence is also related to the issue of damages. The court will entertain a request by defendants for a limiting instruction with respect to this evidence.

**ENTER:** August 26, 2010

_____
**Robert W. Gettleman
United States District Judge**