## UNREASONABLE ENTRY INTO HOME

Plaintiffs Juan Cortez and I.C. claim that the Defendants' entry into their home was unreasonable. Generally, this means that a search warrant must be obtained from a judicial officer such as a judge before any entry into a home may be made. However, under an exception to this rule, a search warrant is not required and a search is reasonable, if:

1. all of the circumstances known to the officers at the time would cause a reasonable person to believe that the entry was necessary to prevent physical harm to the officers or other persons, and

2. there was a compelling need for the officer's action and insufficient time to get a search warrant.

In order to prove the entry into the home in this case was unreasonable, the Plaintiffs must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

If you find that the exception to the warrant requirement does not apply in this case and the Defendants were not justified in entering the Plaintiffs' home, then you should find for the Plaintiffs on their claim for unreasonable entry into home.

On the other hand, if you find that the exception to the warrant requirement applies in this case and Defendants were justified in entering the Plaintiffs' home, then you should find for the Defendants on this claim.

Defendants Proposed Jury Instruction No. *

*Sources:*

The Ninth Circuit Pattern Jury Instruction No. 9.14 (modified).

*United States v. Arch,* 7 F.3d 1300, 1304 (7th Cir. 1993); *Mason v. Godinez,* 47 F.3d 852, 856 (7th Cir. 1995) citing *United States v. Santana,* 427 U.S. 38, 43, 96 S. Ct. 2406 (1976) (exigent circumstances as exception to a search warrant), *United States v. Marshall,* 157 F.3d 477, 482 (7th Cir. 1998).

*McAllister v. Price,* 2010 U.S. App. LEXIS 16685 (7th Cir. 2010) ("In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim"); *Woods v. City of Chicago,* 234 F. 3d 979, 996 (7th Cir. 2000); *Valance v. Wisel,* 110 F.3d 1269, 1278-79 (7th Cir. 1997) (in the Seventh Circuit the allocation of the burden of persuasion in a §1983 case claiming a *Fourth Amendment* violation is on the plaintiff).