

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 653 | **DATE** | 9/15/2010 |
| **CASE TITLE** | Juan Carlos Casillas Cortez vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Pursuant to the Court's order of September 10, 2010, attached are the Court's draft jury instructions concerning Search and Seizure. The parties are directed to meet and confer with respect to the attached instructions and to file any objections or comments on or before January 3, 2011.

Docketing to mail notices.

| | Courtroom Deputy Initials: | GS |
|---|---|---|

(09 C 653)

Plaintiffs Juan Cortez and I.C. each claim that the defendants deprived them of their rights under the Fourth Amendment to be free from an unreasonable search of their home. To prevail on their claims, plaintiffs must prove by a preponderance of the evidence that the search was unreasonable.

It is undisputed that the defendants did not obtain a warrant before entering into and searching the home. Searches conducted without a warrant are presumed to be unreasonable. There is, however, an exception to this rule. A search warrant is not required and a search is reasonable if:

(1) All of the circumstances known to the officers at the time would cause a reasonable person to believe that the entry and search was necessary to prevent physical harm to the officers or other persons, or to prevent the destruction of evidence or the escape of a suspect; and

(2) There was a compelling need for the defendants' actions and insufficient time to get a search warrant.

If you find by a preponderance of the evidence that this exception to the warrant requirement does not apply, then you must find in favor of plaintiffs Juan Cortez and I.C. on their unreasonable search claims.

If, on the other hand, you find by a preponderance of the evidence that the exception to the warrant requirement does apply, then you should find for the defendants on the plaintiffs' unreasonable search claims.

(09 C 653)

Plaintiff I.C. also claims that defendants violated her rights under the Fourth Amendment to be free from unreasonable seizures and searches. To prevail plaintiff must prove these claims by a preponderance of the evidence. Seizures and searches conducted without a warrant are presumed unreasonable. If you have found that the defendants' entry and search of the home was unreasonable (that is, you have found that the exception to the warrant requirement does not apply) then you should find for plaintiff, I.C. on each of her claims.

Police officers who are conducting a lawful search of the home may lawfully take reasonable precautions to protect themselves. If you have found that defendants were lawfully searching the home, you must then determine whether defendants' seizure and search of I.C. was reasonably necessary under the circumstances to protect themselves.

If you find by a preponderance of the evidence that defendants' seizure and search of I.C. was not reasonably necessary to protect themselves, then you should find for plaintiff I.C. on both her unreasonable seizure and unreasonable search claims.

If, on the other hand, you find by a preponderance of the evidence that defendants' seizure and search of I.C. were reasonably necessary under the circumstances to protect themselves, then you should find for defendants on both these claims.