UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN CORTEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 653 |
| | ) | |
| vs. | ) | Judge Gettleman |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS
ON UNREASONABLE SEARCH OF HOME**

There is essentially one key factual dispute in this case: whether the Defendant-Officers observed Plaintiff Juan Cortez run into his home carrying a gun. If the Defendant-Officers did observe this, then their entry into Plaintiffs' home was justified pursuant to the hot pursuit exception to the search warrant requirement. If the Defendant-Officers did not observe Plaintiff run into his home carrying a gun, their entry was illegal and unconstitutional.

Following the parties' pretrial conference, the Court proposed jury instructions on Plaintiffs' claims of unreasonable entry into home and unreasonable search and seizure of I.C. The Court asked the parties' to submit their objections to these instructions prior to the continued pretrial conference. Plaintiff objects to the proposed unreasonable entry into home instruction for several reasons.

First, in the first sentence of the instruction, the jury should be informed that Plaintiffs' claim is for unreasonable *entry* into the home, rather than unreasonable *search*. The law prohibits police from entering a home without legal justification. Payton v. New York, 445 U.S. 573, 589-90, 100 S.Ct. 1371 (1980) (physical entry into a home is the chief evil against which the Fourth Amendment is designed to guard). As written, the instruction may lead the jury to believe that the officers' conduct does not violate the constitution unless they search the home.

Second, the instruction contains several terms that are left open to interpretation by the jury. In the first paragraph, the instruction states that Plaintiffs must prove the search was "unreasonable." The second element of the instruction states that the search is reasonable if there is a "compelling need" for the Defendants' actions. These terms are not defined in the

instruction.

In this case, the jury will hear evidence that the Defendant-Officers received information that Plaintiff pointed a gun at a motorist, then went to Plaintiff's home and recovered a gun. There is a huge risk in this case that a jury will want to justify the officers' conduct, even if it was contrary to law. The instruction as written poses a risk that the jury will simply decide that the circumstances presented a "compelling need" and that the officers acted "reasonably." However, the law is clear. Police officers may not enter a home simply because they believe that a suspect or evidence of a crime is inside. Payton v. New York, 445 U.S. 573, 576, 590; 100 S.Ct. 1371 (1980); People v. Day, 165 Ill.App.3d 266, 519 N.E.2d 115, 116 Ill.Dec. 525 (1988); United States v. Driver, 776 F.2d 807, 811 (9th Cir. 1985). Rather, a warrantless entry is illegal unless justified by a specific exception to the warrant requirement. The jury must be clearly instructed that the entry is not justified unless one of those exceptions applies. The jury instructions should try to ensure that the jury's verdict is based on a decision about whether the Fourth Amendment was violated, not on a "gut feeling" that the police did the right thing by recovering a gun and making an arrest.

This leads to Plaintiffs' third objection to the proposed unreasonable search instruction. The first element of the instruction states that entry into the home without a warrant can be justified if it "was necessary to prevent physical harm to the officers or other persons, or to prevent the destruction of evidence or the escape of a suspect." In this case, the *only* exception to the warrant requirement on which there will be any evidence is hot pursuit of a fleeing felon.

It would be error to instruct the jury on the other possible justifications for a warrantless entry when there will be no evidence of those justifications in this trial. See, e.g., Hoselton v. Metz Baking Co., 48 F.3d 1056, 1063 (8th Cir. 1995) (It is error for the court to instruct upon matters about which no evidence has been presented.) The jury should simply be instructed about the one possible justification at issue in this case—hot pursuit.

Taking into consideration the Court's proposed instruction, Plaintiff has drafted a revised instruction on unreasonable entry into home (attached hereto as Exhibit 1). This instruction attempts to correctly state the applicable law in neutral language, and focus the jury's attention on the key factual dispute that will decide this claim: did the Defendant-Officers observe Plaintiff Juan Cortez running into his home with a gun?

3

        Respectfully submitted,

        /s/ Adele D. Nicholas
        *Counsel for the Plaintiff*

Lawrence Jackowiak
Adele Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595