UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS CASILLAS CORTEZ, and MAIRA MAPI CORTEZ, as mother and next best friend of I.C., a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 653 |
| vs. | ) ) | Judge Robert W. Gettleman |
| CITY OF CHICAGO, et. al., | ) ) ) | Magistrate Michael T. Mason |
| Defendants. | ) | JURY TRIAL DEMANDED |

OBJECTIONS TO THE COURT'S DRAFT
JURY INSTRUCTIONSCONCERNING SEARCH AND SEIZURE

Pursuant to the Court's September 15th, 2010 Minute Order, Defendants City of Chicago and Chicago Police Officers Michael Campbell, Sean Campbell, Kevin Ryan and Robin Mahoney ("Defendants") submit the following objections/comments to the Court's draft jury instructions concerning Search and Seizure:

I. **Unreasonable Entry Into Home.**

Although generally acceptable to the Defendants, this jury instruction warrants a couple of comments. First, Plaintiffs claim that the Defendants illegally entered their home while in pursuit of a fleeing felon, not that they unreasonably searched their home (The Supreme Court in *Payton v. New York,* 445 U.S. 573, 579-580 (1980), quoting *People v. Payton,* 45 N.Y. 2d 300, 310 (1978) noted a "…substantial difference between the intrusion which attends an entry for the purpose of searching the premises and that which results from an entry for the purpose of making an arrest …"). Thus, the first and second sentences of the draft jury instruction should be changed accordingly to "to be free from an unreasonable entry into their home" and "evidence that the entry was unreasonable." Additionally, "and searching" should be omitted entirely from

the third sentence as inapplicable and it should read as: "It is undisputed that the defendants did not obtain a warrant before entering into the home."

Second, the fourth and fifth sentences are clearly inapplicable in this case. Although under certain circumstances "<u>searches</u> conducted without a warrant [might] be presumed unreasonable" -- in this case, we have an entry into the home justified by exigent circumstance of pursuing a fleeing armed felon to effectuate his arrest to prevent his escape, and/or any physical harm to the officers or other persons and/or the destruction of evidence. This is not a warrantless entry into a home for the purpose of searching the premises. As stated above, the difference between the two is significant, and the entry into a home for the purpose of making an arrest without an arrest warrant is not deemed *per se* unreasonable. Simply put, the statement regarding warrantless searches as *per se* unreasonable does not apply in this case dealing with the warrantless entry to arrest.

Finally, the six sentence should also be changed to reflect an entry into the home to arrest and should read as follows: "An arrest warrant is not required and an entry for the purpose of making an arrest is reasonable if:

(1) All of the circumstances known to the officers at the time would cause a reasonable person to believe that the entry was necessary to prevent the escape of a fleeing suspect or to prevent physical harm to the officers or other persons, or to prevent the destruction of evidence; and

(2) There was a compelling need for the defendants' actions and insufficient time to get an arrest warrant."

In line with the Court's draft instruction concerning plaintiffs' illegal entry into the home claims, defendants propose revised instruction that more accurately reflects plaintiffs' claims and

the applicable law on these claims. (Defendants' revised proposed jury instruction on plaintiffs' unreasonable entry into home claims is attached hereto as Exhibit A).

    II.       **Unreasonable Detention/Search of I.C.**

Defendants insist that plaintiff I.C.'s temporary detention, including her non-invasive limited pat down inside her home for the safety of all concerned was constitutionally permissible, thus, making the Court's proposed instruction legally invalid.[1] In sum, it remains the defendants' position that plaintiff I.C.'s claims of unreasonable search and seizure are encompassed within her illegal entry into the home claim, as the detention, including a protective pat down, of the occupants inside the residence, are actions permitted by law subsequent to an entry into the residence.

First, if one where to accept the Court's first paragraph of the proposed jury instruction – if the entry into the home was illegal, then I.C.'s detention and pat down were also automatically illegal – then officers would find themselves in a predicament every time the search warrant they believed to be valid at the time is deemed invalid later on due to some technicality. They either put their lives in jeopardy by not detaining the individuals because of the fear that the underlying search warrant/entry into the house might subsequently be found invalid or risk civil liability. Clearly, this is not even a choice, and for this reason, the law on the issue of initial detention, including limited pat down, during the search of the residence whether based on the search warrant or exigent circumstances is clear: "[a]n officer's authority to detain incident to a search is categorical; it does not depend on the 'quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure."[2] To have otherwise would put the officers' lives in danger. The fact that the entry into a home might later on be deemed unreasonable either because

---

[1] Defendants fully incorporate their arguments and authorities cited in the original Memorandum of Law Regarding Unreasonable Search and Seizure Instructions ("Defts' Memo"). [Dkt. 88].
[2] See Defts' Memo, pp. 3 – 4.

3

the underlying search warrant was deemed invalid or there was found to be no exigent circumstances is irrelevant to the issue of initial detention, which is mandated to secure the premises and prevent any risk to the lives of the police officers as well as the occupants of the house. In fact, the law similarly permits the detention of an individual, which he/she is not allowed to resist by use of force, "even if he believes that the arrest is unlawful and the arrest in fact is unlawful."[3]

Thus, even if the jury will find that the entry into plaintiff I.C.'s home was unreasonable because the exception to the warrant requirement does not apply, meaning, the entry into the home was illegal, the Supreme Court still unequivocally mandates initial detention of the occupants of the house for myriad of reasons, including everyone's safety.[4] Thus, illegal entry is not automatically equal to illegal detention or search.

Second, the Court's second paragraph states that even if the entry into the plaintiff's home was legal, the jury still should determine whether "defendants' seizure and search of I.C. was reasonably necessary under the circumstances." This language is contrary to law. As stated above, officers' authority to detain does not depend on the "quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure." Therefore, the Court's standard of reasonable necessity under the circumstances is not the principal of law articulated by the Supreme Court, which clearly stated the initial detention will not be questioned as to whether it was justified or whether it was too invasive. The standard articulated by the Supreme Court concerning officers' authority to detain incident to a search - it is "categorical."

Finally, there is no evidence in this case, even under the plaintiffs' version of events, which would indicate the plaintiff I.C. was subject to any undue duress while she was seated on the

---

[3] § 720 ILCS 5/7-7; *People v. Villarreal,* 152 Ill. 2d 368, 604 N. E. 2d 923, 929 (1992) (an individual is not permitted to resist or obstruct the arrest of himself or another, whether the arrest is legal or illegal).
[4] See Defts' Memo, p. 4.

4

couch for about 20 minutes during the search of the house or any invasive search during an outer garment pat down of her person.[5] Therefore, under the facts of this case, it is clear that plaintiff I.C. has no separate claim for unreasonable seizure and/or search as any limited detention as well as pat down were plainly permissible and did not in any way offend the Fourth Amendment.

Therefore, whether the officers' entry into the plaintiffs' home was legal or later determined to be illegal, their detention of the plaintiffs at the time of the protective sweep of the house, including limited protective pat down for weapons of plaintiff I.C., was constitutionally permissible. The Court's instruction on these claims is unnecessary, legally invalid, and will confuse the jury.

Respectfully submitted,

___/s/ Alexandria L. Bell___
One of the Attorneys for the Defendants

Richard B. Levy
Alexandria L. Bell
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
312.372.0770 (phone)
312.372.9818 (facsimile)

---

[5] See Defts' Memo, p. 5.