# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Robert W. Gettleman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 653 | **DATE** | 1/27/2011 |
| **CASE TITLE** | Juan Carlos Casillas Cortez, et. Al. Vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

  The court hereby directs the parties to incorporate the attached two elements jury instructions to a complete set of jury instructions, and transmit the complete set to the court on or before February 3, 2011. This matter is set for a brief pretrial conference on February 7, 2011, at 10:00 a.m.

Docketing to mail notices.

| | Courtroom Deputy Initials: | GS |
|---|---|---|

(09 C 653)

Plaintiffs Juan Cortez and I.C. each claim that the defendants deprived them of their rights under the Fourth Amendment to be free from an illegal entry into their home. To prevail on their claims, plaintiffs must prove by a preponderance of the evidence that the entry was unreasonable.

It is undisputed that the defendants did not obtain a warrant before entering into the home. Entries conducted without a warrant are presumed to be unreasonable. There is, however, an exception to this rule. A warrant is not required and entry is reasonable if:

(1) All of the circumstances known to the officers at the time would cause a reasonable person to believe that the entry was necessary to prevent the escape of a fleeing suspect; and

(2) There was a compelling need for the defendants' actions and insufficient time to get a warrant.

It is defendants' burden to establish the exception by a preponderance of the evidence.

If you find that defendants have not established by a preponderance of the evidence that this exception to the warrant requirement applies, then you should find in favor of plaintiffs Juan Cortez and I.C. on their unreasonable entry claims.

If, on the other hand, you find that defendants have established by a preponderance of the evidence that the exception to the warrant requirement applies, then you should find for the defendants on plaintiffs' unreasonable entry claims.

(09 C 653)

Plaintiff I.C. also claims that defendants violated her rights under the Fourth Amendment to be free from unreasonable seizures and searches. To prevail, plaintiff must prove this claim by a preponderance of the evidence. Seizures and searches conducted without a warrant are presumed unreasonable. It is undisputed that defendants did not have a warrant to seize or search I.C.

Police officers who are conducting a search of the home may lawfully take reasonable precautions to protect themselves. It is defendants' burden to establish that their actions were reasonably necessary under the circumstances to protect themselves.

If you find that defendants have failed to demonstrate by a preponderance of the evidence that defendants' seizure and search of I.C. was reasonably necessary to protect themselves, then you should find for plaintiff I.C. on both her unreasonable seizure and unreasonable search claims.

If, on the other hand, you find that defendants have demonstrated by a preponderance of the evidence that defendants' seizure and search of I.C. were reasonably necessary under the circumstances to protect themselves, then you should find for defendants on both these claims.